## OLSON v. POSPESHIL.

(Court of Appeals of District of Columbia. Submitted November 10, 1920. Decided January 3, 1921.)

No. 1333.

1. **Patents ⬅90(3)—Period of three months for attorneys to prepare application does not show ·lack of diligence.**

The lapse of the period of three months between the time a case was turned over to patent attorneys to prepare the application and the filing of the application is not in itself evidence of lack of diligence on the part of the client, which would defeat his priority as to an application filed by a junior inventor during that period.

2. **Patents ⬅91(4)—Evidence held to show applicant submitted earliest drawing to attorneys before interfering application.**

In a patent interference proceeding, evidence, aside from the evidence of another proceeding which was not properly presented for consideration, *held* to show that the junior applicant, in giving the case to his attorneys to prepare the application before the senior application was filed, delivered to the attorneys the earliest drawing he made embodying the invention, so that he was not wanting in diligence in that respect.

3. **Patents ⬅106(3)—Testimony· in prior interference proceeding cannot be considered on notice.**

Under Rules of Practice of the Patent Office, rule 157, providing that, on motion duly made and granted in accordance with rule 153, testimony in an interference proceeding may be used in any other interference proceeding, subject to the right of any contesting party to recall witnesses and to take other testimony, the testimony introduced in a prior interference proceeding cannot be examined by the Commissioner of Patents, where no motion to bring it into the subsequent proceeding was made, but only a notice was given that at the hearing any of the tribunals would be asked to take official cognizance of such testimony.

Appeal from the Commissioner of Patents.

Interference proceeding between Nels L. Olson and Joseph B. Pospeshil. From a decision of the Commissioner of Patents, granting priority to Pospeshil, Olson appeals. Reversed.

Otto F. Barthel, of Detroit, Mich., and Theodore K. Bryant, of Washington, D. C., for appellant.

Milans & Milans, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This is an appeal from the decision of the Commissioner of Patents, granting priority of invention to the senior party, Pospeshil, and reversing the decisions of the Board of Examiners in Chief and the Examiner of Interferences. Pospeshil filed the application in interference September 5, 1916, which is a division of an application filed March 31, 1916. Olson filed his application April 14, 1916. The invention in interference relates to means by which an automobile may be converted into a truck, and is limited to the .following issue:

"The combination with a semi-floating axle structure including a casing, an axle journaled therein having a projecting end, and a wheel fixed to said projecting end, of means for converting it into a three-quarter floating axle structure comprising a flange secured to the inner side of the wheel and sur-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

rounding the end of the casing and bearings interposed between said flange and said end of the casing."

It conclusively appears, and was held by all the tribunals below, that Pospeshil established no date of invention, either by conception, disclosure, or reduction to practice, prior to the filing of his original application, March 31, 1916. We agree with the Examiner of Interferences and the Board of Examiners in holding that Olson is entitled to September 30, 1914, for conception and disclosure of the invention in issue. This is established by a drawing (Exhibit 33) bearing that date. This, however, is not important; since Olson turned his case over to his attorneys on January 24, 1916, with directions to prepare an application for a patent. This was two months before Pospeshil entered the field.

[1] It is urged that Olson was lacking in diligence between January 24 and April 14, 1916. Indeed, Pospeshil's case is limited to this contention, and upon this the Commissioner based his decision. We agree with the Examiner and the Board that the period of less than three months for the attorneys to prepare an application is not, in itself, evidence of lack of diligence on the part of the client. There is nothing to show that Olson did anything to delay the progress of the work in the attorneys' office, or that the attorneys delayed the preparation of the application beyond the time reasonably necessary in the due course of business.

But the Commissioner resolves the question of diligence against Olson by finding that the drawing (Exhibit 33) was not submitted to his attorneys on January 24th, when he first consulted them with reference to preparing his application. After reviewing the testimony of the witnesses on this point, and comparing it with the evidence in a prior interference, the Commissioner reached the following conclusion:

"It appears, therefore, from the testimony in the prior interference, which was given some six months before the testimony in the present interference, and when the present invention was not involved, that this drawing, Exhibit No. 33, was shown to the attorneys some time later than the original sketches and description. This testimony is more in accord with the manner in which the application was prepared than is the testimony in the present interferences, since, as above noted, there was no description of, and no claim made to, the present invention at the time the application was filed. It is significant that Mr. Stickney, who is said to have actually prepared the application, was not called as a witness. As noted above, the witness Stauffiger, who made the drawings, is unable to testify when he made them, and no records of the attorneys were produced to establish this date. In order to prevail, Olson, who has established a conception some time prior to January 24, 1916, must show that he was diligent at the time Pospeshil entered the field, and as he was doing nothing with the invention, except to submit it to his attorneys for the purpose of filing his application, it is necessary that he establish that the invention was submitted to them prior to Pospeshil's filing date."

[2] Barring the reference to the testimony in the earlier interference, which we will presently consider, we think the evidence conclusively establishes that the drawing (Exhibit 33) was taken to the attorneys on January 24th. But, assuming that it was taken later, there is nothing upon which a presumption can be predicated that it was not

in the attorneys' hands prior to March 31, 1916, Pospeshil's earliest date. When it is remembered that Olson filed 14 days after this date, the margin is too narrow to justify the presumption of delay.

[3] But we come to the more important feature of the case—the Commissioner's reference to the testimony in the former interference. When Olson had concluded his evidence in chief, counsel for Pospeshil gave the following notice:

"Notice is given on the record by counsel for the party, Pospeshil, to counsel for Olson, that at the hearing the Examiner of Interferences and other tribunals considering this case, on appeal or otherwise, will be asked to take official cognizance of statements made by the various witnesses who have testified in this case, in connection with the testimony which they have given in that case."

"That case," indefinitely mentioned in the notice, it will be assumed refers to the earlier Olson interference. It will be observed that the notice does not contemplate the introduction of the earlier record or any parts of it. It fails to designate the portions the tribunals may be called upon to consider, and it does not even give notice of an intention to introduce the record or parts of it later on in the course of the trial. Rule 157 of the Rules of Practice of the Patent Office provides as follows:

"Upon motion duly made and granted (see rule 153), testimony taken in an interference proceeding may be used in any other or subsequent interference proceeding, so far as relevant and material, subject, however, to the right of any contesting party to recall witnesses whose depositions have been taken, and to take other testimony of rebuttal of the depositions."

Rule 153 relates to notice of motions and affidavits filed in the course of contested cases, with proof of service, and for hearing of such motions by the tribunals in which the motion is made. Rule 157 provides the only manner in which a record in another case may be used, namely, by filing a motion in the proper tribunal, with proof of service, as required by rule 153. It then provides that, when the motion has been allowed and a former record, or portions thereof, are introduced, the contesting party may call witnesses to rebut it.

It warrants no such practice as was indulged in this case. The present notice is not in the form of a motion duly served and allowed, as by rule required; but it merely says to Olson that at any stage of this proceeding, through the Patent Office, or, indeed, in this court, without further notice or opportunity to be heard, the former record may be sprung to insure your defeat. And that is what occurred. The Commissioner, without giving Olson a hearing or an opportunity to be heard, on his own motion, after the appeal had been submitted, reached into the earlier record and extracted therefrom an answer to a question here and an answer there, and used them to raise a presumption which has no support whatever in the present record.

The elementary rules of practice should be observed as strictly in the trial of causes in the Patent Office as in the courts, and no principle of law is better established than that a litigant cannot be deprived of his rights without notice or an opportunity to be heard.

The protection of neither was accorded Olson in respect of the testimony gleaned by the Commissioner from the earlier record and used to accomplish his defeat.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.

Reversed.