25 C.C.P.A.(Patents)

## NOXON v. POTTS.

### FRANKLIN v. SAME.
Patent Appeals Nos. 4052, 4053.

Court of Customs and Patent Appeals.
Feb. 7, 1938.

Eugene C. Brown, of Washington, D. C., for appellants.

Edgar W. Adams and J. W. Schmied, both of New York City, for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

On December 2, 1937, counsel for appellants filed a motion for an order permitting the use of the transcript of record in consolidated appeals Nos. 3955, 3956, 3957, and 3958 (neither of appellants is a party in any of those appeals), on the hearing and in the consideration of the issues here involved.

It is alleged in the motion that Potts, the appellee in each of these interferences, had been involved in eleven separate interferences in the Patent Office; that in some of those interferences, including those in the instant appeals, motions to dissolve were filed on the ground that the disclosure in appellee's patent was inoperative; that the Commissioner of Patents granted motions made by the assignee of the patents in four of those interferences (not the assignee of the patents in the involved interferences) to take testimony relative to that issue; that the commissioner also issued an order suspending all of the other interferences, including those in the instant appeals, in which the question of the operativeness of appellee's structure was involved; that the order of suspension was issued "on the ground that said testimony when taken might apply to all of said interferences. This proved to be a correct supposition and *hence the appeals to the Board of Appeals in the instant cases were based upon the inoperativeness of the disclosure of the Potts patent and his reissue application as shown by said testimony.* Accordingly the *Board of Appeals considered said testimony as applying to the instant cases under the authority of the Commissioner's order and based their decisions thereon.* Moreover the Board stated that their previous decision in interference 68,621 [one of the interferences in which the testimony was submitted] is to be considered as a part of their decision in the instant cases"; and that the decision of the board in interference No. 68,621 embodies the decision of the Examiner of Interferences and the decision of the Primary Examiner in that interference. (Italics ours.) The motion also contains the following statement:

"It is evident from the above facts that the testimony taken in interference 68,621, together with the motions and decisions of the Primary Examiner, the Examiner of Interferences and the Board of Appeals have been interlinked with and made a part of the record of the instant cases.

"Inasmuch, therefore, as almost the entire Transcript of Record filed in Patent Appeal Dockets 3955-6-7-8 applies equally to the instant cases it should be referred to and considered in the present appeals and it is so requested."

Among the reasons assigned by counsel for appellee in opposing the granting of appellants' motion appear the following: First, the appellants involved in appeals Nos. 3955-3958 are represented by counsel not appearing in the instant appeals, and the patents involved in those appeals are assigned to a different assignee; second, the motions to dissolve filed in the instant appeals are not "commensurate in scope or subject-matter with the motions" filed in the interferences involved in appeals Nos. 3955-3958; third, permission to take testimony was never requested and no evidence was ever submitted in the interferences involved in the instant appeals; and, fifth, the interferences in the instant appeals were never consolidated with the interferences in appeals Nos. 3955–3958, nor was the evidence introduced in those interferences ever made a part of the record in the interferences in the instant appeals.

It appears from the record that motions to dissolve the involved interferences on the ground that the disclosure in appellee's

patent was inoperative were overruled by the Primary Examiner; that judgment on the record was entered against each of the appellants by the Examiner of Interferences; that appeals were taken by the appellants (Noxon, July 1, 1935, and Franklin, August 27, 1935) to the Board of Appeals long prior to the order of the Commissioner of Patents, referred to in appellants' motion, suspending proceedings in these and other interferences; and that, therefore, the appeals to the Board of Appeals in the involved interferences were not "based upon the inoperativeness of the disclosure of the Potts patent and his reissue application *as shown by said testimony*," as alleged in appellants' motion. (Italics ours.)

The commissioner's decision suspending the interferences here involved and three other interferences was rendered November 8, 1935. It appears therefrom that times had theretofore been set for the taking of testimony relative to the operativeness of the disclosure in the Potts reissue application in four interferences; that, although the Western Union Telegraph Company was not a party in any of those interferences, it filed a petition for suspension of the proceedings in certain other interferences in which it was interested as assignee of the patents there involved, including those in the instant appeals, "pending the determination of the question of the operativeness of the Potts disclosure" in the four interferences in which testimony was to be submitted.

In granting the petition, the commissioner stated that the proceedings in such interferences "should be suspended and the tribunals of the Patent Office before which these interferences are now pending are directed to suspend proceedings until. September 1, 1936." Thereafter, the proceedings in those interferences were again suspended by the Commissioner of Patents until November 1, 1936.

On February 9, 1937, counsel for appellants filed a paper in the Patent Office headed "Letter to Office In Re: Resumption of Suspended Proceedings, February 9, 1937," wherein it was stated, among other things, that the proceedings in the interferences here involved were suspended by the Commissioner of Patents for the purpose of considering "facts adduced by the testimony being taken upon the question of the operativeness of the Potts disclosure"; and that, "in addition to the matters set forth in the appeals filed prior to said order of the Commissioner, the facts adduced by said testimony pertaining to the legal status of the Potts application for reissue will be presented at the hearing" on July 20, 1937, the date of the hearing on the merits by the Board of Appeals.

On May 13, 1937, counsel for appellee Potts filed a written notice in the Patent Office that objection would be made to any oral or written argument concerning any question attempted to be raised in appellants' letter to the office of February 9, 1937, founded upon evidence not duly submitted in these interferences, or consideration of any such question by the Board of Appeals, and further that objection would be made to the consideration by the Board of Appeals of any such evidence.

In its decision of July 31, 1937, awarding priority of invention to appellee, the Board of Appeals, after stating that appellants requested consideration of the evidence taken in interferences to which they were not parties and that appellee objected to the consideration of such evidence, stated that "under the special circumstances here" it believed it to be proper to consider the evidence taken in interference No. 68,-621. The board then stated that it would not be necessary to discuss that evidence because it had been fully analyzed in its decision in that interference, and said: "We refer to that decision and make it a part of our present decision as setting forth our reasons for holding that Potts' application discloses an operative system. The party Potts filed a carbon copy of that decision in interference No. 68,622 on July 20, 1937, paper No. 55. The testimony was fully analyzed in Potts' brief filed in the prior interference No. 68,621."

In interference No. 68,621, referred to in the decision of the Board of Appeals, appeal No. 3955 in this court, Frederick G. Creed and Reginald D. Salmon are appellants and Louis M. Potts is appellee.

Rule 122 of the Rules of Practice in the United States Patent Office provides, in substance, that motions to dissolve an interference shall be heard and determined by the primary examiner. Rule 130 provides that, when the primary examiner has denied a motion to dissolve an interference, the issues raised by such motion shall not be reinvestigated by the Examiner of Interferences, "except in view of evidence which was not before the primary examiner when the motion was considered, but"

such issues "may be raised before the appellate tribunals on appeal from the award of priority."

Rule 153 relates to motions in contested cases, and provides, among other things, that, "Motions will be heard in the first instance by the officer or tribunal before whom the particular case may be pending." It also provides that the practice in such cases "on points to which the rules are not applicable shall conform as nearly as possible to that of the United States courts in equity proceedings."

Rule 157 provides that: "Upon motion duly made and granted (see rule 153) testimony taken in an interference proceeding may be used in any other or subsequent interference proceeding, so far as relevant and material, subject, however, to the right of any contesting party to recall witnesses whose depositions have been taken, and to take other testimony in rebuttal of the depositions."

Rule 159 provides that evidence will not be considered which was not taken and filed in compliance "with these rules."

The only paper filed by appellants relative to the evidence taken in interference No. 68,621 was the one under date of February ·9, 1937. It was stated therein, as hereinbefore noted, that the facts adduced by that evidence would be presented at the hearing on the merits of the instant interferences before the Board of Appeals. No motion was presented to have such evidence made a part of the record in the interferences involved in these appeals.

The provisions of rule 157, supra, seem to require the filing of a motion and a hearing thereon, if objections are made thereto, before testimony taken in one interference may be introduced in evidence in another such proceeding.

It is apparent from the decision of the Board of Appeals that the matter was not considered until the final hearing in these cases, and that that tribunal considered appellee's brief in interference No. 68,621 in which, the board stated, the evidence was fully analyzed. The board did not state that the motion to dissolve in interference No. 68,621 was of the same scope and related to the same subject-matter (it is claimed here that it was not) as the motions to dissolve in the instant cases. It is apparent, however, from the board's decision that no brief was filed by counsel for appellee on the final hearing in which the testimony submitted in interference No. 68,621 was analyzed and applied *to the issues in the instant interferences.*

In view of the fact that the counts in interference No. 68,621 defined different inventions from those defined by the counts in the instant interferences, it would seem, to say the least, that the question of the application of any or all of the testimony taken in that interference relative to the issues in the instant interferences should have been fully considered by the proper tribunal of the Patent Office on a motion duly filed in accordance with rule 153, supra.

The board was apparently of the view that the Commissioner of Patents had ordered that the evidence in interference No. 68,621 should be considered by it in these interferences. However, it is clear from the commissioner's decision that such is not the case. The commissioner merely suspended the interferences pending the taking of the testimony in interference No. 68,621, and evidently contemplated that the parties in the suspended interferences would take such action relative to that testimony as they deemed proper, subject to the provisions of the Rules of Practice in the United States Patent Office.

We find nothing in rule 157, supra, nor in any other Patent Office rule, to indicate that, in cases of this character, the final appellate tribunal in the Patent Office should consider evidence not submitted either to the primary examiner or to the examiner of interferences. It would seem that due and orderly procedure would require the consideration of such testimony by one or the other of those tribunals so that the Board of Appeals might, in the exercise of its appellate jurisdiction, have the benefit of such previous consideration, and, we think, such procedure is clearly contemplated when all of the rules pertaining to interference proceedings in the Patent Office are considered.

In the case of Olson v. Pospeshil, 50 App.D.C. 182, 269 F. 698, 700, 1921 C.D. 128, the Court of Appeals of the District of Columbia, in considering a question similar to the one here presented (the important difference being that in that case the notice was presented to the Examiner of Interferences), quoted the following portion of the notice given by counsel in that case: "Notice is given on the record by counsel for the party, Pospeshil, to counsel for Olson, that at the hearing the Examiner of Interferences and other tribunals

considering this case, on appeal or otherwise, will be asked to take official cognizance of statements made by the various witnesses who have testified in this case, in connection with the testimony which they have given in that case," and said: "It will be observed that the notice does not contemplate the introduction of the earlier record or any parts of it. It fails to designate the portions the tribunals may be called upon to consider, and it does not even give notice of an intention to introduce the record or parts of it later on in the course of the trial."

The court then quoted rule 157 of the then existing Rules of Practice in the United States Patent Office, which was substantially the same as present rule 157, and stated that:

"Rule 153 [which was substantially the same as present rule 153] relates to notice of motions and affidavits filed in the course of contested cases, with proof of service, and for hearing of such motions by the tribunals in which the motion is made. *Rule 157 provides the only manner in which a record in another case may be used, namely, by filing a motion in the proper tribunal, with proof of service, as required by rule 153. It then provides that, when the motion has been allowed and a former record, or portions thereof, are introduced, the contesting party may call witnesses to rebut it.*

"It warrants no such practice as was indulged in this case. The present notice is not in the form of a motion duly served and allowed, as by rule required. * * * The Commissioner, without giving Olson a hearing or an opportunity to be heard, on his own motion, after the appeal had been submitted, reached into the earlier record and extracted therefrom an answer to a question here and an answer there, and used them to raise a presumption which has no support whatever in the present record.

"The elementary rules of practice should be observed as strictly in the trial of causes in the Patent Office as in the courts, and no principle of law is better established than that a litigant cannot be deprived of his rights without notice or an opportunity to be heard. The protection of neither was accorded Olson in respect of the testimony gleaned by the Commissioner from the earlier record and used to accomplish his defeat." (Italics ours.)

The decision in that case has direct application to the issues presented here. See,

also, Hewitt v. Weintraub, 1908 C.D. 140, 134 O.G. 1561; Erickson v. Dunbar v. Dunham, 1926 C.D. 98, 353 O.G. 3; 22 C. J. pp. 427 to 443, inclusive, §§ 510 to 534, inclusive.

In view of the fact that the evidence in interference No. 68,621, appeal No. 3955 and the appeals consolidated therewith, is not a proper part of the consolidated record in the instant appeals, it will not be considered in our determination of the issues presented by these appeals, nor will that part of the board's decision which is based thereon be considered.

The motion is denied.

Denied.