36 C.C.P.A.(Patents)

**CARLTON v. ROBIE et al.**

Patent Appeal No. 5491.

United States Court of Customs and Patent Appeals.

Feb. 1, 1949.

Rehearing Denied April 8, 1949.

Harold J. Kinney, of St. Paul, Minn. (Carpenter, Abbott, Coulter & Kinney, of St. Paul, Minn., and Richard K. Stevens, of Washington, D. C., of counsel), for appellant.

William H. Webb, of Pittsburgh, Pa., Donald A. Gardiner, of Washington, D. C., and Stebbins, Blenko & Webb and Webb, Mackey & Burden, all of Pittsburgh, Pa., for appellees.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

JACKSON, Judge.

This is an appeal in an interference proceeding from a decision of the Board of Interference Examiners awarding priority of invention of the subject matter of three counts to appellees.

The interference is a companion to a three party interference, No. 80,225, the issues of which have been decided by us concurrently herewith in appeal Nos. 5485 and 5486. 173 F.2d 366.

The counts read as follows:

"1. A flexible heat-resistant abrasive article of the coated abrasive type comprising a flexible backing, a layer of abrasive grits, and a bond for uniting said grits to said backing, said bond comprising a primary bonding or grit binder coating comprising glue, and a secondary or sandsize coat comprising a silicate cement, the silicate cement coating being shielded from air by a protective coating of a waterproofing agent.

"2. A heat-resistant abrasive article of the coated abrasive type comprising a backing, a layer of abrasive grits, and a bond for uniting said grits to said backing, said bond comprising a primary bonding or grit binder coating including a hydrophilic organic gelatinous adhesive material and a secondary or sandsize coating comprising a silicate cement, said sandsize coat being rendered resistant to air by inclusion therein of a waterproofing agent.

"3. A heat-resistant abrasive article of the coated abrasive type comprising a backing, a layer of abrasive grits, and a bond for uniting said· grits to said backing, said bond comprising a primary bonding or grit binder coating including a hydrophilic organic gelatinous adhesive material and a secondary or sandsize coating comprising a silicate cement, said sandsize coat being treated with an agent to shield the same from air."

The involved invention is for a flexible heat-resistant coated abrasive article including a flexible backing to the surface of which abrasive grits are secured by a layer of adhesive. The adhesive consists of two coats: the first of which comprises glue and may be called a primary holding coating between the backing of the article and the grits, and a second or sandsize coating is applied over the layer of grits and comprises a silicate cement which is shielded from the air by a protective coating of a waterproofing agent.

The interference involves an application of appellant, serial No. 433,027, filed March 2, 1942, as a continuation-in-part of his application, serial No. 261,069, filed March 10, 1939, and an application of appellees, serial No. 457,174, filed September 3, 1942. Appellees together with two other applicants filed earlier applications and relied on the dates thereof to establish constructive reduction to practice. The first of those applications is serial No. 137,796, filed April 19, 1937, and the second is serial No. 336,212, filed May 30, 1940, while the former application was still pending. The application of May 30, 1940, was pending when appellees' involved application was filed September 3, 1942.

The same applications of the parties are involved in said appeal Nos. 5485 and 5486.

The present interference, as originally declared, consisted of counts 1 and 2. During the interlocutory period, appellant moved to dissolve the interference, which motion was dismissed. He also moved to shift the burden of proof. Appellees filed a motion to amend the interference by adding other counts. The Primary Examiner denied the motion to shift the burden of proof and granted the motion to amend with respect to one proposed count, which is count 3 of this interference.

The counts before us define an abrasive article similar to that which is the subject matter of the said two companion appeals, but in addition provide for making a silicate cement coating resistant to air by treatment with a waterproofing agent. That agent may be incorporated in the silicate coating or applied over that coating as a protective film.

When the interference was first declared, appellees were given the benefit of the application, No. 336,212, filed May 20, 1940. In appellant's motion to shift he contended that he was entitled to the benefit of his application, serial No. 261,069, filed March 10, 1939. In that motion, anticipating that appellees would claim the date of April 19,

364

1937, of the application, serial No. 137,796, appellant contended they were not entitled to that date. The Primary Examiner held appellees were entitled to the date of the earliest application, No. 136,796, and confirmed such holding in a second decision. While the examiner at first held that he found no support for count 1 in the earlier application of appellant, on reconsideration he held that it read upon that application as well as did the other counts. After the said motions had been disposed of, the interference was redeclared, adding count 3 as aforesaid.

Each party filed two preliminary statements. In his first statement, appellant alleged with respect to counts 1 and 2 that a first written description of the subject matter of count 1 had been made as early as about November 25, 1936, and of count 2 as early as November 20, 1936; first disclosure of the invention to others as early as the fall of 1936, but prior to November 26 of that year; reduction to practice of the invention defined by count 1 as early as November 27, 1936, and by count 2 as early as November 20, 1936, and that appellant exercised reasonable diligence in adapting and perfecting his invention at least as early as the fall of 1936 and prior to November 26 of that year. In his second preliminary statement, appellant alleged first written description of the subject matter defined in count 3, disclosure of it to others, reduction of the invention to practice, and the exercise of reasonable diligence at least as early as the fall of 1936 and prior to November 20 of that year. Appellees in their preliminary statements allege a first written description of the invention, disclosure of it to others, and the making of the first drawings as of on or about November 6, 1936. Reduction to practice of all of the counts is alleged as of the date of April 19, 1937, their filing date. In addition they allege the exercise of reasonable diligence in adapting and perfecting the subject matter of all of the counts as of November 1936.

Appellant took testimony. Appellees not having taken testimony were confined to the date of April 19, 1937, for con-

structive reduction to practice. Appellant being the junior party had the burden of establishing priority of invention by a preponderance of the evidence.

The Board of Interference Examiners held that the evidence offered on behalf of appellant was not sufficient to overcome the 1937 filing date of appellees in that he failed to establish an actual reduction to practice prior to his filing date or diligence "during the period it was incumbent upon him to do so."

Appellant challenges the award of priority to appellees in this appeal and also in appeal Nos. 5485 and 5486 on the same grounds. All through those proceedings he has contended that the subject matter of those interferences were not disclosed in the application filed April 19, 1937, and also that appellees are not entitled to the benefit of that filing date even though that earliest application contains a full disclosure of the subject matter of the counts.

It is argued in the brief for appellant that that application does not disclose the subject matter of the counts involved in appeal Nos. 5485 and 5486, and therefore cannot support the similar but more specific counts here involved.

In this interference as well as that involved in appeal Nos. 5485 and 5486, it was held by the board that the earliest application relied upon by appellees supports the counts of both interferences. Since in our decision in appeal Nos. 5485 and 5486 we have held that the earliest application relied upon by appellees discloses the subject matter involved in the counts of those appeals, it is only necessary to discuss the said disclosure with reference to the specific differences between the counts there and the counts herein.

In the application of April 19, 1937, it is stated that flexible abrasive articles such as discs can be strengthened or reinforced "by applying to them a coating of a soluble silicate." It is pointed out in that application that such coating may be applied to articles "bonded with glue, varnish, resin or the like, or to the improved silicate bonded articles of our invention. The reinforcing coating may be applied by any suit-

able means and may extend over the whole area of the articles if desired, * * *." It is further disclosed in that application that "These silicate solutions may be used in applying both the making coat and the sizing coat or either of these * * *." It is our opinion that such quotations disclose the use of a silicate cement in the sizing coat over the abrasive article which has a primary bonding coat comprising glue. While the disclosure of the April 19, 1937, application applies clearly to sandpaper, as does the application of appellant, it is clear that the disclosure embraces other abrasive articles. The counts in the present interference are not limited to sandpaper, but may apply to many other forms of abrasive articles. The limitation of the counts defining waterproofing of the adhesive is likewise found in the 1937 disclosure wherein it is stated as follows: "It is frequently desired to provide an abrasive article which, in addition to resistance to the influence of atmospheric humidity, will also have a resistance to water. We have discovered that a high degree of water resistance can be imparted to our improved silicate bonded flexible abrasive articles by coating the article with a thin film of a protective substance which is preferably waterproof."

That quotation clearly discloses a protective coating of a waterproofing agent over the sandsize coating which comprises silicate cement. The application further specifically discloses a number of different materials usable as waterproofing agents in the coating.

By reason of what has hereinbefore been set out, we agree with the decision of the board that the disclosure of April 19, 1937, fully supports all of the limitations of the counts herein.

We are further of opinion that appellees are entitled to the benefit of April 19, 1937, for the same reasons that are given on that issue in said appeal Nos. 5485 and 5486.

■ During the taking of testimony, counsel for appellant offered in evidence a copy of the printed record of his testimony in said interference No. 80,225. Under the authority of the case of Noxon v. Potts, 94 F.2d 388, 25 C.C.P.A., Patents, 859, the board correctly held that such testimony taken in that interference cannot properly be considered as part of the record herein. The board quoted the language from the case of Olson v. Pospeshil, 50 App.D.C. 182, 183, 269 F. 698, 700, which we approved in the Noxon case as follows: "Rule 157 [Rules of Practice, Patent Office, 35 U.S. C.A.Appendix], provides the only manner in which a record in another case may be used, namely, by filing a motion in the proper tribunal, with proof of service, as required by Rule 153. It then provides that, when the motion has been allowed and a former record, or portions thereof, are introduced, the contesting party may call witnesses to rebut it."

■ Counsel for appellant in their brief state that appellant will not attempt to carry the date of his invention back of his filing date of March 10, 1939, except that should the decision of the board be affirmed by this court, and only in that event appellant will contend that he has proved the exercise of diligence "beginning just prior to April 19, 1937, and ending March 10, 1939." While in his reasons of appeal, counsel for appellant may be considered to have included error in the decision of the board on the evidence, we find nothing in his brief in which that alleged error has been discussed, and therefore we assume that reason of appeal has been abandoned. In re Krasnow et al., 166 F.2d 196, 35 C.C.P.A., Patents, 939; In re McCabe, 90 F.2d 111, 24 C.C. P.A., Patents, 1224.

■ For the reasons hereinbefore set out, the decision of the Board of Interference Examiners is affirmed.

Affirmed.